[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-12876

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEETAVIOUS M. GAINES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:96-cr-06159-KMM-1

————————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Appellant Leetavious Gaines appeals the district court's denial of two motions in which he sought a new sentencing hearing and a modification to his sentence based on an error that he alleged occurred at his sentencing hearing more than 20 years earlier. The government moves for summary affirmance. We grant the government's motion.

**I.**

After a jury convicted Gaines of one count of conspiracy to commit Hobbs Act robbery, six counts of Hobbs Act robbery, six counts of using a firearm during a crime of violence, and one count of being a felon in possession of a firearm, the district court imposed a 1,330-month sentence.

More than 20 years after his sentencing, Gaines filed two *pro se* motions asking the district court to conduct a new sentencing hearing. He argued that the district court had plainly erred at his sentencing by incorrectly applying § 1B1.2 of the Sentencing Guidelines in connection with his conspiracy conviction. According to Gaines, the district court could modify his sentence under Federal Rule of Criminal Procedure 52(b) together with Federal Rule of Civil Procedure 60(b)(1).

The district court denied Gaines's motions. It explained that it could not modify the sentence under Federal Rule of Criminal

Procedure 52(b) because that rule gave appellate courts authority to correct errors that had not been timely raised in district court but did not authorize a district court to modify a sentence. And it concluded that it could not modify the sentence under Federal Rule of Civil Procedure 60(b)(1) because any motion under that rule had to be made within one year of judgment.

This is Gaines's appeal. The government has moved for summary affirmance.

## II.

Summary disposition is appropriate where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] It also is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Id.*

In his motions, Gaines sought to have the district court modify his sentence, which was imposed decades earlier. But district courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Federal Rule of Criminal Procedure 52(b) did not authorize the district court to modify Gaines's sentence. Under this rule, "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). This rule "provides a court of appeals a limited power to correct errors that were forfeited because not timely raised in district court." *United States v. Olano*, 507 U.S. 725, 731 (1993). It does not permit a district court to modify a sentence after it has been imposed.

Gaines nevertheless argues that the district court had authority to modify his sentence under Federal Rule of Civil Procedure 60(b)(1). Under this rule, a district court may grant relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This rule allows a district court to correct "all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 534 (2022). A motion under Rule 60(b)(1) "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Even if Gaines could rely on this rule of civil procedure to modify his criminal sentence, his motions, which were filed more than 20 years after the district court imposed the sentence, were clearly untimely.

Summary affirmance is warranted here because the government's position is clearly correct as a matter of law. *See Groendyke*

22-12876                Opinion of the Court                5

*Transp., Inc.*, 406 F.2d at 1162. Accordingly, we GRANT the government's motion for summary affirmance.[2]

**AFFIRMED.**

---

[2] Gaines submitted an untimely response to the government's motion for summary affirmance but failed to file a motion requesting leave to respond out of time. Even if Gaines's response was properly before us, we would reach the same result.